**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Teodoro PENA–SEGURA,
Defendant–Appellant.**

**No. 09–10127.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2010.*

Filed April 21, 2010.

Erica McCallum, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Carla Gene Ryan, Esquire, Law Offices of Carla G. Ryan, Tucson, AZ, for Defendant–Appellant.

Before: RYMER, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Teodoro Pena–Segura appeals from the 51–month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pena–Segura contends that the district court procedurally erred at sentencing by failing to consider evidence that supported a downward departure on the basis of his family circumstances, and that the sentence is substantively unreasonable. A review of record demonstrates that the district court did not procedurally err and the sentence is substantively reasonable in light of the factors set forth in 18 U.S.C. § 3553(a) and the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 51–52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

Nor is the Eighth Amendment implicated by the sentence. *See United States v. Meiners,* 485 F.3d 1211, 1213 (9th Cir. 2007) ("[F]ederal courts should be reluctant to review legislatively mandated terms of imprisonment, and … successful challenges to the proportionality of particular sentences should be exceedingly rare.") (internal quotation marks omitted).

Pena–Segura also contends that the Government acted arbitrarily by declining to request an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) because Pena–Segura did not accept a plea offer. This contention lacks merit. *See United States v. Medina–Beltran,* 542 F.3d 729, 731 (9th Cir.2008) (per curiam), *cert. denied* —— U.S. ——, 130 S.Ct. 168, 175 L.Ed.2d 107 (2009).

Pena–Segura further contends that his counsel provided ineffective assistance. We decline to review Pena–Segura's ineffective assistance of counsel claim on direct appeal. *See United States v. McKenna,* 327 F.3d 830, 845 (9th Cir.2003).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.